# BELKNAP.

## CATE v. NUTTER.

A complaint, under chapter 82 of the Revised Statutes, for the collection of a military fine, is not a criminal prosecution.

In such a case, where the complainant becomes nonsuit, the respondent is entitled to judgment for costs.

APPEAL from the decision of a justice of the peace, founded upon the complaint of the plaintiff, as clerk of the sixth company of infantry, in the tenth regiment, against the defendant, for not doing military duty on the 18th of September, 1848, at a regimental muster on that day.

At the February term of this court, 1851, a trial was had in the case, and a verdict taken for the plaintiff. The case was transferred to the superior court, and by that court it was decided that the verdict should be set aside, and a new trial be had. No trial has been since had, but at a subsequent term of the court the plaintiff was nonsuited by his own consent.

The defendant then moved for a judgment and execution for costs against the plaintiff.

*Butters*, for the plaintiff.

*Hobbs & Sanborn*, for the defendant.

Fines for non-appearance, for deficiency of equipments and disorderly conduct, may be levied by distress, by a warrant,

under the hand and seal of the captain, directed to the clerk, or a complaint may be filed by the clerk, before a justice of the peace at the choice of the captain. Rev. Stat. ch. 82, § 2.

All proceedings before a justice shall be on complaint, duly signed and sworn to before some justice, who shall issue his warrant thereon. Rev. Stat. ch. 222, § 10.

This statute confers criminal jurisdiction only on justices of the peace. Rev. Stat. ch. 222.

All fines imposed, by any statute, may be recovered by information or indictment, if no other mode of recovery is specially provided. Rev. Stat. ch. 211, § 4.

For non-appearance, it is provided that the fine may be collected by complaint, filed before a justice of the peace. Rev. Stat. ch. 82, § 2.

The proceedings for the collection of a fine by complaint, for non-appearance, are not criminal proceedings.

The complaint is not authorized or required to be under the oath of the clerk, as it must be, were it a criminal proceeding. Rev. Stat. 222, § 10.

A prosecution, under the Revised Statutes, for the recovery of a military fine, partakes, in some measure, both of a civil and criminal character. State v. Wilson, 7 N. H. Rep. 543; Belcher v. Johnson, 1 Met. 148.

It is of a criminal character, because it may be instituted by complaint of the clerk to a justice of the peace.

It is of a civil character, because the justice issues a summons, and not a warrant, as he must do, were the proceedings of a criminal character. Rev. Stat. ch. 82, § 10.

The complaint and summons may at any time be amended, by leave of court, without costs. Rev. Stat. ch. 82, § 10.

Any person, arrested upon any execution for any military fine, may give bond and take the oath prescribed for the relief of poor debtors. Rev. Stat. ch. 82, § 6.

No provision is made to whom notice shall be given, by the person applying to take the oath, except the general provision. Rev. Stat. ch. 200, § 2.

It must have been intended that notice should be given to the clerk.

The clerk is not required or authorized to state, in his complaint, the offence is contrary to the statute and against the peace and dignity of the State, as he was required to do by the statute of January 3, 1829. N. H. Laws, (ed. of 1830,) § 17.

The general provision of the Revised Statutes, for collecting fines, does not apply to military fines. Rev. Stat. ch. 211, § 4.

In the statute of July 9, 1819, ch. 1, § 48, and the statute of December 22, 1820, ch. 36, § 50, the forms of the complaint and summons are given, and in neither is contained the allegation " contrary to the form of the statute, and against the peace and dignity of the State," both of which are necessary, when the prosecution is in the name of the State.

Under these statutes, the prosecutions were in the name of the complainant. *Anderson* v. *Walker,* 3 N. H. Rep. 311; *Wood* v. *Fletcher,* 3 N. H. Rep. 61; *Shattuck* v. *Maynard,* 3 N. H. Rep. 123; *Gale* v. *Currier,* 4 N. H. Rep. 169.

Under the statute of 1820, it was held the complainant was liable for costs, if he failed to maintain his prosecution. *Anderson* v. *Walker,* 3 N. H. Rep. 311.

The statute of 1820 was repealed by the statute of January 2, 1829. N. H. Laws, (ed. of 1830,) title 90, ch. 3, § 25.

The forms of complaint and summons are prescribed for collecting military fines, in the statute of January 3, 1829. N. H. Laws, title 90, ch. 6, § 17.

In the complaint are the allegations " contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State " and the form of oath.

Under this statute, the prosecutions were commenced in the name of the State. *State* v. *Dwinnell,* 6 N. H. Rep. 167; *State* v. *Leonard,* 6 N. H. Rep. 435; *State* v. *Wilson,* 7 N. H. Rep. 543.

The statute of January 3, 1829, was repealed by statute of July 6, 1833. 2 N. H. Laws, ch. 125, § 10.

In section 4, it is provided that all fines for non-appearance shall be collected by warrant of distress, under the hand and seal of the captain.

The form of the warrant is given.

It appears to be a civil process.

By the statute of January 26, 1838, it was provided that when any person should be arrested or imprisoned on such warrant, he might give bond to the captain of the company.

The form of the warrant, in the Revised Statutes, ch. 82, § 3, is substantially like the warrant in the statute of 1833, § 6, so, it would seem, the bond, under the Revised Statutes, should be given to the captain, when the fine is collected by distress.

This is inconsistent with the position that the prosecution is of a criminal character.

The judgment is for fine and costs. Rev. Stat. ch. 82, § 11.

This fine is to be applied by the captain for the use and benefit of the company. Rev. Stat. ch. 82, § 8.

If it had been the intention of the Legislature that the prosecution should be criminal in its nature, it would have provided that the delinquent should pay the fine and costs, and then should be imprisoned until the fine and costs be paid. *Dyer* v. *Hunnewell*, 12 Mass. Rep. 271.

The Revised Statutes do not make the incurring this fine a crime or misdemeanor against the State.

In *Colony* v. *Kimball*, Strafford county, December term, 1846, the court took substantially this view of the case, and decided that the clerk was not a corporation, and that the prosecution did not survive on the death of the clerk, because it was a civil prosecution; and if it had been a criminal prosecution it would have survived, and a new clerk could have prosecuted.

Colony died after the August term, 1846, of the court

of common pleas, and before the December term of the superior court, 1846.

The officers had appointed James F. D. Stevens clerk.

The parties agreed to the facts on which the decision was made.

The prosecution being of a civil nature, the prevailing party is entitled to costs. Rev. Stat. ch. 191, § 1.

GILCHRIST, C. J. The question is, is a respondent, in a complaint for a military fine, entitled to costs, when the complainant is nonsuited?

Costs shall follow the event of every action or petition, unless otherwise directed by law or by the court. Rev. Stat. ch. 385, § 1.

This is not a case for the exercise of the discretionary power given the court by section 7. If the party is entitled to costs by law, the court cannot deprive him of them.

He is legally entitled to costs, unless this proceeding is a criminal prosecution, and unless when the complaint is in the name of an individual, he stands in the position of a respondent, who is complained against by the State.

Upon a complaint, the justice shall issue a summons. Rev. Stat, ch. 82, § 10.

The party is not to be arrested, there being no provision for it.

He may take the poor debtor's oath. § 6.

Neglect of military duty does not imply any moral wrong. The sentence does not affix any stigma on the character.

Parents, masters and guardians are liable for fines and penalties, incurred by persons under their care, and may be proceeded against. This would not be the case, if the Legislature had regarded this as a criminal proceeding. § 9.

The complaint need not be under oath, as a criminal complaint must be.

The form of the complaint is not given.

By the act of December 22d, 1820, the proceeding is

called an information, and is not under oath, (ed. of 1824, p. 81,) nor does it conclude *contra formam*, &c.

But by the subsequent act of 1829, (Laws, 1830, p. 414,) it is under oath and *contra formam.*

Under the Revised Statutes, there is no necessity for the complaint to take the form of a criminal process.

" All indictments, presentments and informations shall conclude against the peace and dignity of the State." Con. of N. H. art. 88.

If the Legislature do not provide that a process shall so conclude, they can hardly mean that it is a criminal prosecution.

In the case of *Anderson* v. *Walker*, 3 N. H. Rep. 311, the complaint was in the name of the clerk, under the act of 1820. The court say, " Nothing is said with respect to the costs of the respondent. We should, therefore, conclude that the intention of the Legislature was that the respondent should have his costs, as in other cases. And it is a circumstance decidedly in favor of such conclusion, that the statute of 1819, ch. 1, § 49, provided that no clerk should be liable to pay any defendant cost, in any case in which the commanding officer of the company indorsed his approval on the information of such clerk; and this provision is wholly omitted in the statute of 1820, which is a revision of all the statutes on the subject."

There were, then, under the act of 1829, certain cases in which the respondent recovered costs. As the act of 1820 was silent on the subject, the court considered the respondent to stand as well as other parties, and did not regard this as a criminal prosecution.

The same reasoning applies here, and unless we overrule that case, the same result must follow.

*Judgment for the respondent for costs.*